*714
SUMMARY ORDER

Petitioner Tai Yong Huang, a native and citizen of China, seeks review of the December 12, 2008 order of the BIA affirming the July 16, 2007 decision of Immigration Judge (“IJ”) Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Tai Yong Huang, No. A 094 803 581 (B.I.A. Dec. 12, 2008), aff'g No. A 094 803 581 (Immig. Ct. N.Y. City Jul. 16, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA’s and IJ’s opinions— or more precisely, the Court reviews the IJ’s decision including the portions not explicitly discussed by the BIA. Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). Thus, we “defer ... to an IJ’s credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.” Xiu Xia Lin v. Mukasey, 534 F.3d 162, 167 (2d Cir.2008) (per curiam).
Substantial evidence supports the IJ’s adverse credibility determination. The IJ properly found that: (1) Huang stated during his credible fear interview that he had sold Falun Gong books in China, but provided contradictory testimony on that point; (2) there was a discrepancy between Huang’s testimony that he knew of one friend who was arrested in China for practicing Falun Gong and that he received the news of his friend’s arrest in June 2005, and both his asylum application and the transcript from his credible fear interview, which indicated that he knew several friends who had been arrested’ and he received the news of their arrests prior to June 2005; (3) Huang’s testimony was internally inconsistent and inconsistent with his asylum application regarding how long he was in hiding; and (4) Huang’s testimony that he regularly practiced all five Falun Gong movements in China was inconsistent with his credible fear interview, during which he was unable to perform the fourth Falun Gong movement. While Huang offered explanations before the agency that were responsive to each of these findings, the agency found those explanations unconvincing. We are not compelled to disagree. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
Having called Huang’s testimony into question, the IJ did not err by concluding that the absence of evidence corroborating his alleged practice of Falun Gong in the United States rendered him unable to rehabilitate his testimony. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir.2007) (per curiam).
Ultimately, viewed in its totality, substantial evidence supports the IJ’s adverse credibility determination. See 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1252(b)(4)(B); Xiu Xia Lin, 534 F.3d at 167. Therefore, the IJ properly denied Huang’s application for asylum, withholding of removal, and CAT relief because the only evidence that he would be persecuted or tortured depended *715 on his credibility. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).